UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANCINE E. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CV-0218-CVE-SAJ |
| | ) |
| BENTLEY M. ROBERTS, JR., and | ) |
| UNITED STATES MERIT SYSTEMS | ) |
| PROTECTION BOARD, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and Brief in Support (Dkt. # 15). Defendants ask the Court to dismiss plaintiff's claims for lack of subject matter jurisdiction. Plaintiff does not respond to defendants' arguments concerning this Court's subject matter jurisdiction but, instead, argues that the United States Postal Service ("Postal Service") lacked just cause for her termination.

**I.**

Plaintiff Francine E. Miller ("Miller") was employed by the Postal Service for approximately 20 years, and she was dismissed by the Postal Service on October 15, 1999 for repeated absences. She appealed her termination to the Merit Systems Protection Board ("MSPB") and, on March 3, 2000, she reached a settlement with the Postal Service before the appeal was resolved. The Postal Service agreed to convert the dismissal into a suspension and permitted Miller to resume her employment. The parties included a last chance agreement ("LCA") in the settlement agreement, which permitted the Postal Service to terminate Miller if she had more than two "unscheduled absences" within any quarter over the following 18 months. Dkt. # 15, Ex. 2. The LCA defined

"unscheduled absence" as "any absence not scheduled and approved twenty-four (24) hours in advance of [Miller's] scheduled reporting time and includes, but is not limited to, tardiness, short tour, emergency sick or annual leave, leave without pay, and failure to report/remain as directed or scheduled for overtime or holiday work." Id. at 2. Miller also waived her right to appeal to the MSPB if she was later terminated for violating the LCA. Id. at 2. ("The Appellant . . . waives her right to appeal any removal action that is based on a charge related to attendance and/or breach of this agreement to the [MSPB]").

During a three-month period between March 4, 2001 and June 3, 2001, Miller had five unscheduled absences totaling 56 hours of missed work, and the Postal Service sent her a letter on June 26, 2001 notifying Miller it would begin procedures to terminate her employment. Miller disputed the Postal Service's allegations and asserted that all of the absences were approved. The Postal Service found that all of the absences were unscheduled, even if subsequently approved, because Miller did not request leave 24 hours in advance for any of these absences. Based on Miller's violations of the LCA, the Postal Service terminated her employment on August 10, 2001. See Id., Ex. 1, at 3.

Miller filed an appeal to the MSPB on January 25, 2002 challenging the factual allegations supporting her termination, but the MSPB found that in the LCA Miller waived her right to appeal her termination. The MSPB recognized that an employee's waiver of appellate rights is valid and enforceable as long as the employee voluntarily waived her right to appeal. Id. at 3-4. The MSPB reviewed the LCA and cited the following language showing that plaintiff voluntarily agreed to the waiver of appellate rights:

> I, Francine E. Miller, have read, and understand the conditions and restrictions set forth in the above agreement. I am mentally and physically fit so as to be able to

2

> understand this agreement in its entirety. I freely sign this agreement without reservation, duress, or coercion on the part of anyone. I agree to abide by the terms of this agreement. I am fully aware that any settlement agreement knowingly and voluntarily agreed to by the parties is binding on both parties.

Id. at 4. Based on Miller's voluntary waiver of her right to appeal her termination, the MSPB dismissed her appeal. Miller filed a petition for review asking the MSPB to reconsider its initial denial of her appeal. Id., Ex. 4. The MSPB affirmed its decision to dismiss Miller's appeal for lack of jurisdiction and informed her that she had a right to judicial review by the United States Court of Appeals for the Federal Circuit. Id. at 2.

Miller filed a previous lawsuit in the Northern District of Oklahoma asking the district court to review the MSPB's decision. The court found that Miller waived her right to appeal her termination to the MSPB and the waiver was enforceable. Miller v. Roberts, 04-CV-275-HDC-PJC, Dkt. # 27, at 2 (N.D. Okla. April 1, 2005). The court also informed Miller that the United States Court of Appeals for the Federal Circuit had exclusive jurisdiction over her claim. Id. at 2 ("Once the MSPB determined that it lacked jurisdiction because the plaintiff's action was not appealable to the MSPB, any dismissal must be appealed to the U.S. Court of Appeals for the Federal Circuit and a federal district court lacks subject matter jurisdiction to review the MSPB's order.").

Instead of appealing the MSPB's decision to the United States Court of Appeals for the Federal Circuit, Miller filed this lawsuit challenging the MSPB's decision to dismiss her claim for lack of jurisdiction. She states that the basis for this Court's jurisdiction is a "[l]etter from [the] MSPB," but she has not provided a copy of the alleged letter. Dkt. # 1, at 1. She alleges that she was terminated without just cause, because she did not take unapproved leave and did not violate the LCA. Miller asks the Court to reinstate her or to order the Postal Service to pay her disability benefits. Defendants have filed a motion to dismiss based on lack of subject matter jurisdiction.

3

II.

Defendants have moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1). When considering a motion to dismiss pursuant to Rule 12(b)(1), the Court must determine whether the defendant is facially attacking the complaint or challenging the jurisdictional facts alleged by the plaintiff. In Holt v. United States, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . . In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Id. at 1002-03. Defendants do not state whether they are challenging the jurisdictional facts alleged in the complaint or are simply challenging the sufficiency of the allegations in the complaint. Defendants have cited evidence outside of the pleadings and the Court will construe defendants' motion as a factual attack on the jurisdictional facts alleged by plaintiff. When ruling on a factual attack to the complaint, a court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion into a motion for summary judgment. Stuart v. Colorado Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting Holt, 46 F.3d at 1003).

Defendants have styled their motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(1) or, in the alternative, a motion for summary judgment under Fed. R. Civ. P. 56. As noted above, "reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion to one for summary judgment under Fed. R. Civ. P. 56." Sizova v. Nat'l Inst.

4

of Standards and Technology, 282 F.3d 1320, 1324 (10th Cir. 2002). The general rule applied in the Tenth Circuit is that Rule 12(b)(1) motions should not be treated as motions for summary judgment under Rule 56 unless the merits of the case are intertwined with the jurisdictional allegations. Sizova, 282 F.3d at 1324; Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir. 1991); Wheeler v. Hurdman, 825 F.2d 257, 259 (10th Cir. 1987). "When subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined." Jencks v. Modern Woodmen of America, 479 F.3d 1261, 1263 n.2 (10th Cir. 2007) (quoting Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 978 (10th Cir. 2002)). Even if the substantive claim and the jurisdictional question arise out of the same statute, a court should not convert a motion under 12(b)(1) into a motion for summary judgment unless "the jurisdictional question requires resolution of an aspect of the substantive claim." Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003) (quoting Sizova, 282 F.3d at 1324)). In this case, the merits of plaintiff's claim are not intertwined with the jurisdictional issues, because it will not be necessary to resolve any aspect of plaintiff's substantive claims when ruling on defendants' motion to dismiss. Therefore, the Court will treat defendants' motion as a motion to dismiss pursuant to Rule 12(b)(1) and the consideration of evidence outside of the pleadings does not require the Court to convert defendants' motion into a motion for summary judgment.

### III.

Defendants argue that plaintiff has not properly invoked the subject matter jurisdiction of this Court, because plaintiff's claim to review a final decision by the MSPB must be filed in the United States Court of Appeals for the Federal Circuit. Plaintiff does not address this issue in her

response. Instead, she asserts that the Postal Service lacked justification for terminating her employment, because all of her absences were approved.

A federal employee subject to an adverse decision by the MSPB may obtain judicial review. 5 U.S.C. § 7703(a)(1). If the employee's claim does not involve allegations of unlawful discrimination, the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over the employee's appeal. Id at § 7703(b)(1); Harms v. IRS, 321 F.3d 1001, 1008 (10th Cir. 2003). "However, when an appeal to the MSPB involves claims of unlawful discrimination related to or stemming from the employment action, it is considered a 'mixed' appeal. Review of MSPB determinations in 'mixed' cases lies solely in a district court." Coffman v. Glickman, 328 F.3d 619, 621 (10th Cir. 2003). When the MSPB bases its denial of an employee's claim on lack of jurisdiction and does not reach the merits of the underlying claim, the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over the case. Burzynski v. Cohen, 264 F.3d 611, 620-21 (6th Cir. 2001); Sloan v. West, 140 F.3d 1255, 1261 (9th Cir. 1998); Wall v. United States, 871 F.2d 1540, 1542 (10th Cir. 1989); Burrell v. United States Postal Service, 164 F. Supp. 2d 805, 810 (E.D.La. 2001).

In this case, plaintiff states that the basis for this Court's jurisdiction is a "[l]etter from MSPB," but she has not provided a copy of the alleged letter. Dkt. # 1, at 1. Defendants have submitted an initial decision from MSPB Dallas Field Office dismissing plaintiff's appeal for lack of jurisdiction. Dkt. # 15, Ex. 1. The administrative law judge ("ALJ") found that plaintiff voluntarily waived her right to appeal in the LCA and the waiver was enforceable. Id. at 4. Plaintiff raised allegations of racial discrimination and retaliation in her appeal, but the ALJ did not reach those issues due to the lack of jurisdiction to review plaintiff's termination. He noted that:

> Although the appellant alleged that the agency's action of removing her from her position was based on discrimination because of her race and in retaliation for participating in an EEO hearing, such allegations are not an independent source of appellate jurisdiction for the [MSPB]. The personnel action which is the subject of the appeal must first be within the [MSPB's] jurisdiction before such an allegation may be considered.

Id. at 13 n.5. Plaintiff's waiver of her right to appeal prevented the MSPB from reaching the merits of any of her claims and, although the ALJ briefly discussed the facts, it is clear that his decision rested solely on the MSPB's lack of jurisdiction. Id. at 12-13. Plaintiff appealed the initial denial by the ALJ and her appeal was also denied for lack of jurisdiction. In the order denying her appeal, the MSPB informed plaintiff that she had the "right to request the United States Court of Appeals for the Federal Circuit to review this final decision." Id., Ex. 4, at 2.

The MSPB's order directing plaintiff to request judicial review from the United States Court of Appeals for the Federal Circuit was correct. When the MSPB bases its denial of an employee's claim on lack of jurisdiction and does not reach the merits of the underlying claim, the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over the case. Burzynski, 264 F.3d at 620-21; Sloan, 140 F.3d at 1261; Wall, 871 F.2d at 1542. Plaintiff's appeal to the MSPB was dismissed for lack of jurisdiction, because she waived her appellate rights in the LCA. Therefore, exclusive jurisdiction over her claim against the MSPB lies with the United States Court of Appeals for the Federal Circuit, and this case should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and Brief in Support (Dkt. # 15) is **granted**. A judgment of dismissal is entered herewith.

**DATED** this 10th day of March, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT